UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ZENON PINA-MARTINEZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-31 |
| | § | |
| JOSE FRANCISCO ROMERO SALDANA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### **OPINION AND ORDER**

Pending before the Court is Plaintiffs' Opposed Motion to Remand (Doc. 6). Having reviewed the Motion, the briefing of the parties, the relevant facts, and the applicable law, the Court finds that Plaintiffs' Motion to Remand should be granted and this matter should be remanded to state court for further proceedings.

### **Background**

This case arises from an automobile accident that caused one fatality. In February 2016, Plaintiff Zenon Piña-Martinez, Jr. was driving his sports utility vehicle on a Farm-to-Market Road in South Texas, with his wife as a passenger next to him, and the youngest of their three children in the back seat. In the moments before the accident, they drove behind a commercial 18-wheel tractor trailer. Although the parties dispute the cause of the accident, it is clear that Mr. Piña-Martinez's vehicle impacted with the rear corner of the tractor trailer, killing Mr. Piña-Martinez's wife, and injuring Mr. Piña-Martinez.

In Texas state court, Mr. Piña-Martinez filed claims against Autotransportes Romedu SA de CV, which is the owner of the truck, and against Jose Francisco Romero Saldaña, the truck

driver at the time of the accident. Mr. Piña-Martinez filed his lawsuit in three capacities: (1) his individual capacity; (2) as the Personal Representative of the Estate of Arely Guadalupe Vidal Camacho, his wife ("Estate of Mrs. Camacho"); and (3) as next friend of EJP, BLP, and JLP, their three minor children. The Plaintiffs allege causes of action based on Texas law for, *inter alia*, negligence, gross negligence, and wrongful death.

In February 2018, the Defendants removed the action to federal court based on diversity jurisdiction.

On March 2, 2018, the Plaintiffs filed their motion to remand, arguing that the Court lacked jurisdiction due to the absence of complete diversity. The issue turns on the citizenship of the parties. The Plaintiffs include citizens of Mexico (Mr. Piña-Martinez and the Estate of Mrs. Camacho) and of Texas (the three minor children). Both defendants are citizens of Mexico.

Following the Initial Pretrial Conference, the Court requested supplemental briefing on two issues. *See* Order (Doc. 12). First, the Court ordered briefing as to whether a conflict of interest precluded Plaintiffs' counsel from representing all of the Plaintiffs. The second issue focused on whether the Court had the authority to realign the parties so that Mr. Piña-Martinez in his individual capacity and as the representative of the Estate of Mrs. Camacho became defendants with respect to the minor children's claims and, if so, whether diversity jurisdiction would exist if such a realignment occurred. The Court also appointed a guardian ad litem for the minor Plaintiffs and requested that he also brief the indicated issues. The parties have provided the requested supplemental briefing. *See* Plaintiffs' Additional Briefing in Support of Motion to Remand (Doc. 14); Defendants' Briefing Regarding Conflict of Interest and Realignment (Doc. 15); Plaintiffs' Response to Defendant's Briefing Regarding Plaintiffs' Motion to Remand (Doc. 16); Guardian Ad Litem Brief (Doc. 17); Defendants Jose Francisco Romero Saldaña and

Autotransportes Romedu, S.A. de C.V.'s Brief in Reply to Plaintiff's Additional Brief in Support of Motion to Remand (Doc. 18).

## I. Standard

Federal district courts are of limited jurisdiction, and may hear only those cases authorized by a federal statute, the Constitution, or a United States treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Under 28 U.S.C. § 1441(a), any state-court civil action over which the federal courts would have original jurisdiction may be removed from state to federal court. However, the defendant seeking to remove a case to federal court shoulders the burden of proof in demonstrating that removal is proper. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)). A court must strictly construe the removal statute in favor of remand and against removal. *See In re HotHed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (citations omitted). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

To establish diversity jurisdiction, courts require complete diversity of parties. *See Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148, 1151 (5th Cir. 1985). In cases involving parties with citizenship in foreign countries, diversity jurisdiction cannot be maintained by an alien against a citizen of a state and a citizen of some foreign country. *Id.* The requirement of complete diversity in the alienage context requires, for instance, that if at least one plaintiff is a Mexican citizen, no defendant can be a citizen of a foreign country.

## II. Analysis

Under controlling law, complete diversity does not exist in this matter. While that conclusion usually ends the matter and requires remand, the Defendants urge the Court to

disregard the jurisdictional allegations as fraudulently made. Based on the facts in the record, however, the Court denies this request. In addition, the Court also declines to realign the parties so as to create complete diversity. As a result, no grounds exist to maintain this action in federal court.

### A. Complete diversity does not exist.

Section 1332(a) of Title 28 of the United States Code provides a number of independent bases for diversity jurisdiction, including what courts at times refer to as "alienage jurisdiction." *See* 28 U.S.C. § 1332(a)(2). While diversity jurisdiction usually concerns cases involving citizens of different States within the United States, the doctrine of alienage jurisdiction arises in cases involving a citizen of a foreign state and a citizen of the United States. The rules regarding complete diversity apply equally to cases of alienage jurisdiction. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535 (5th Cir. 2014); *Chick Kam Choo*, 764 F.2d at 1153. This means that if at least one plaintiff and at least one defendant have citizenship in a foreign state, complete diversity does not exist and the court cannot maintain the action. *Chick Kam Choo*, 764 F.2d at 1153.

In this lawsuit, the parties on both sides include citizens of Mexico. On the Plaintiffs' side, Mr. Piña-Martinez and the estate of his deceased wife, Mrs. Camacho, are both citizens of Mexico for diversity purposes.[1] While the minor children are citizens of Texas, their presence does not negate the Mexican citizenship of their father and the estate of their mother. As for the defendants, both Mr. Saldaña and Autotransportes are citizens of Mexico. As a result, no complete diversity exists under the controlling law of alienage jurisdiction.

---

[1] For purposes of the survival claim, the citizenship of Mrs. Camacho controls. *See, e.g., Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 447–48 (5th Cir. 2003); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2004); TEX. CIV. PRAC. & REM. CODE § 71.021. The Plaintiffs allege that Mrs. Camacho was a Mexican citizen. *See* Plaintiffs' Motion to Remand (Doc. 6) at Exh. B.

### B. The evidence before the Court does not establish fraud in the pleading of jurisdictional facts.

Courts recognize the doctrine of fraudulent joinder as an exception to the complete diversity rule. In these cases, the removing party typically argues that the plaintiff seeks to defeat federal jurisdiction through the joinder of a non-diverse party against whom, under the governing law, relief is impossible. *See e.g.*, *Johnson v. Heublein Inc.,* 227 F.3d 236, 240 (5th Cir. 2000); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert denied*, 510 U.S. 868 (1993). The burden of showing fraudulent joinder is on the party alleging it, and this burden is a heavy one. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). All doubts are resolved against removal. *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.), *cert. denied,* 530 U.S. 1229 (2000); *Blackmore v. Rock-Tenn Co., Mill Div., Inc.,* 756 F.Supp. 288, 289 (N.D. Tex. 1991).

A removing defendant can demonstrate improper joinder by showing "actual fraud in the pleading of jurisdictional facts". *Travis v. Irby*, 326 F.3d 644, 646 (5th Cir. 2003). The court must evaluate the factual allegations made in the state-court pleadings in the light most favorable to the plaintiff. *See B. Inc.*, 663 F.2d at 549.

In the instant case, the Defendants challenge the alleged citizenship of Mr. Piña-Martinez and the Estate of Mrs. Camacho, effectively arguing that the plaintiffs have engaged in fraud in the pleading of jurisdictional facts, and that they should be treated as citizens of Texas and not of Mexico. Defendants' Response to Plaintiff's Motion for Remand (Doc 8) at ¶¶ 7-9. The Defendants ground this argument on an allegation the Plaintiffs made in an initial lawsuit concerning the same accident, which this Court dismissed without prejudice, and in which the Plaintiffs alleged that they were citizens of Texas. *See* Application and Notice of Removal (Doc. 1) at Exh. 2 (Plaintiffs' Original Petition in the previous state-court action, alleging that "[a]ll

parties are Texas citizens"); *id.* at Exh. 1 (July 26, 2016, Order dismissing without prejudice the previous lawsuit that had been removed to the Southern District of Texas). The Defendants argue that it is only later, in the present action, that the Plaintiffs allege that Mr. Piña-Martinez and the Estate of Mrs. Camacho are citizens of Mexico. *See* Response (Doc. 8) at ¶¶ 7-9.

The Defendants do not assert that the Plaintiffs have sued a non-diverse defendant solely to defeat complete jurisdiction, and against which no plausible cause of action exists. Rather, the dispute focuses on Mr. Piña-Martinez, in his individual capacity and as representative of the Estate of Mrs. Camacho, alleging Texas citizenship in a previous, related matter, and now alleging Mexican citizenship. Mr. Piña-Martinez has submitted evidence confirming the Mexican citizenship of himself and his deceased wife. *See* Plaintiffs' Opposed Motion to Remand (Doc. 6) at Exh. B. The Defendants offer no controverting evidence, despite bearing the burden on the issue. *See Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974) (recognizing that the party invoking federal jurisdiction bears the burden when "diversity jurisdiction is properly challenged"). The Defendants do highlight Mr. Piña-Martinez's allegation in the prior lawsuit, but cite no authority establishing that a party is bound for the purpose of jurisdictional analysis to an allegation filed in an antecedent case.[2] In addition, any doubts that affect whether diversity jurisdiction exists are resolved in favor of the party contesting removal. As a result, this Court finds that Mr. Piña-Martinez, in both his individual capacity and as representative of the Estate of Mrs. Camacho, is a Mexican citizen.

**C.     The Court declines to realign the parties to create complete diversity.**

While typically a court determines diversity at the time suit is filed, the court is not

---

[2] At the Initial Pretrial Conference on May 1, 2018, the Court confirmed the Defendants' ability to depose Mr. Piña-Martinez regarding the jurisdictional allegations. While the parties noted that some difficulties could arise because Mr. Piña-Martinez resided in Mexico and did not have the ability to travel to the United States legally, the Defendants have not argued that they lacked the ability to probe the veracity of the Plaintiffs' jurisdictional allegations.

always bound by the way a plaintiff aligns the parties. In certain situations "[i]t is the court's duty to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984) (citing Wright, Miller, & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3607–8.). Generally, the test of proper alignment "is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side." *Id.*

Courts have considered whether it is appropriate to realign the parties so as to establish complete diversity. *See, e.g.*, *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63 (1941); *Zurn Indus., Inc. v. Acton Constr. Co., Inc.*, 847 F.2d 234 (5th Cir. 1988). When determining whether the opposing parties are properly aligned in matters involving a challenge to diversity jurisdiction, courts assess whether "the necessary collision of interest exists," analyzing "the principal purpose of the suit, and the primary and controlling matter in dispute." *City of Indianapolis*, 314 U.S. at 71. The court asks whether the case entails a "*bona fide* dispute between citizens of different states." *Zurn*, 847 F.2d at 237.

In several cases involving vehicular accidents, for example, family members have brought suit not only against a vehicle's manufacturer, but also against a relative who drove the vehicle and who had the same citizenship as the plaintiffs. *See, e.g.*, *Martinez v. Cont'l Tire N. Am., Inc.*, No. H-08-2148, 2008 WL 10720254 at *3 (S.D. Tex. Oct. 6, 2008); *Kahn Swick & Foti, LLC v. Spector Roseman Kodroff & Willis, PC*, No. 14–1979, 2014 WL 7140312 at *4 (E.D. La. Dec. 12, 2014); *Eagle Capital Corp. v. Munlake Contractors, Inc.*, No. 5:10–cv–99, 2012 WL 568701 at *7 (S.D. Miss. Feb 21, 2012). These courts considered whether the non-diverse, defendant family member should be realigned as a plaintiff, establishing complete diversity as against the corporate defendant. They declined to do so, as have other courts in

cases involving other factual scenarios. *See e.g., Washington v. Ernster*, 551 F.Supp 2d 568 (E.D. Tex. 2007); *Prime Income Asset Mgmt. Co., Inc., v. Waters Edge Living* LLC, No. 3:07-CV-0102-D, 2007 WL 2229050 (N.D. Tex. Aug. 3, 2007); *Roblez v. Ramos*, No. Civ.A. 301CV0336-G, 2001 WL 896942 at *3 (N.D. Tex. Aug. 1, 2001); *but see, e.g., Keen v. Burlington N. Santa Fe. Corp.*, 438 F.Supp.2d 724 (S.D. Tex. 2006) (realigning a non-diverse defendant as a plaintiff, and denying the motion to remand).

The heavy burden that courts apply when considering realignment in the context of removal stems from the need to balance "the plaintiff's (mostly unlimited) right to choose his forum against the defendant's (conditional) right to a federal forum." *Roblez*, 2001 WL 896942 at *2. The doctrine strikes a "reasonable balance among not rewarding abusive pleading by the plaintiff, the plaintiff's tactical prerogative to select the forum, and the defendant's statutory right to remove." *Id.* To prove fraudulent joinder, a defendant must not simply present a plausible rationale favoring realignment. The defendant must demonstrate that a party *should* be realigned, and that the supporting reasons overcome the court's deference to the plaintiff's choice of forum. If the plaintiff has a "plausible justification for alignment of the parties", the plaintiff's tactical prerogative should be upheld. *See id.* at *4.

In the present matter, the Defendants argue that realignment is proper because the parties are not currently aligned according to their true interests. The Defendants posit that both Mr. Camacho and his deceased wife acted negligently and caused or at least contributed to the occurrence of the accident. *See* Defendant's Briefing Regarding Conflict of Interest and Realignment (Doc. 15) at ¶ 2. According to the Defendants, the "primary and controlling matter in dispute is determining whose negligence caused the crash and death of [Decedent]." *Id.* at ¶ 5. From the perspective of the minor children, the Defendants continue, Mr. Piña-Martinez and the

Estate of Mrs. Camacho should be aligned as additional defendants. *Id.*

Although the Defendants raise the colorable defense that Mr. Piña-Martinez and his deceased wife may have proportionate responsibility in connection with the accident, this defense does not in itself justify realignment. Mr. Piña-Martinez, in his individual capacity and as representative of the Estate of Mrs. Camacho, has also presented colorable claims against the defendants. The Plaintiffs deny responsibility and any negligence on their part. At this stage in the case, the court accepts these allegations as presenting a *bona fide* dispute between Mr. Piña-Martinez and the Estate of Mrs. Camacho against the Defendants. While the Defendants rightfully raise the possibility that the minor children could potentially assert claims against Mr. Piña-Martinez and the Estate of Mrs. Camacho, the Plaintiffs have not chosen to do so at this time, and have presented a unified front against the Defendants.[3] The Plaintiffs have demonstrated a "plausible justification for alignment of the parties", and this alignment is their tactical prerogative that the Court will not disturb.

The Defendants rely on *Keen v. Burlington Northern Santa Fe Corporation* to support their request for realignment and maintaining the action in federal court. While this decision demonstrates that federal courts possess the authority to realign cases in a manner that creates complete diversity, the facts in *Keen* render it distinguishable from the present lawsuit. The *Keen* case arose following an accident in which a vehicle that Ruth Keen was driving collided with a train. After her husband sued the railroad in state court, Ruth Keen intervened as an additional plaintiff. Mr. Keen then filed a cross-claim against Ruth Keen, ostensibly making her a non-diverse defendant with respect to Mr. Keen. The railroad company removed the action to federal court. In declining the motion to remand, the court realigned Ruth Keen as a plaintiff,

---

[3] In a sealed filing, the guardian ad litem for the minor children provided conclusions supporting this finding. *See* Guardian Ad Litem Brief (Doc. 17).

highlighting that Mr. Keen did not actually plead a cause of action against her, that he alleged that "she was only a 1% cause of the collision", and that the "railroad Defendants were 100% responsible . . . for the accident." *Id.* In contrast, in the present case, Mr. Piña-Martinez, both individually and as representative of the Estate of Mrs. Camacho, has non-trivial claims against the Defendants. Although the Defendants argue that these two Plaintiffs' own negligence may have played a role in the accident, this argument does not mean that Mr. Piña-Martinez and the Estate of Mrs. Camacho have no true interest in their causes of action. For that reason, the rationale in *Keen* does not apply.[4]

### III. Conclusion

Accordingly, it is:

Ordered that Plaintiffs' Motion to Remand is **GRANTED**; and

Ordered that this case is **REMANDED** to the 103rd Judicial District Court of Cameron County, Texas.

SIGNED this 30th day of August, 2018.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge

---

[4] The *Dawson* case is similarly inapposite. *See Dawson v. Legion Indem. Co.*, No. Civ. 3:99–CV–2772–H, 2000 WL 124813, at *2 (N.D. Tex. Feb. 1, 2000). In that case, the non-diverse plaintiff had "no real pecuniary interest in the outcome of the declaratory judgment action."